# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMY GICHUHI, : | |
| : | |
| **Petitioner** : | CIVIL ACTION NO. 3:17-1041 |
| : | |
| v. : | |
| : | (JUDGE MANNION) |
| CLAIR DOLL, Warden, : | |
| **Respondent** : | |

# **M E M O R A N D U M**

On June 14, 2017, petitioner Sammy Gichuhi filed a petition for a writ of habeas corpus, through counsel, pursuant to 28 U.S.C. §2241. (Doc. 1). The petitioner, a citizen of Kenya, became a lawful permanent resident of the United States in October of 2008. In October of 2014, petitioner Gichuhi plead guilty to making a false statement to a federal agency in violation of 18 U.S.C. §1001. After returning to the United States, in July 2015, from a trip to France, the petitioner sought re-entry into the Untied States as a returning lawful permanent resident. Based on the petitioner's 2014 federal conviction, he was paroled after his return to the Untied States. On September 20, 2016, the petitioner was taken into custody by ICE and confined at the York County Prison ("YCP") in Pennsylvania. The petitioner was charged as being removable pursuant to §212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA"), i.e., as an alien who had been convicted of a crime involving moral turpitude. Removal proceedings were initiated against him. On November 2, 2016, an Immigration Judge found that the petitioner was

removable based on the stated ground and, ordered that any change in the petitioner's custody status be denied. The Immigration Judge also noted his lack of jurisdiction since the petitioner was an "arriving alien."

Thereafter, the petitioner filed an application for cancellation of removal under 8 U.S.C. §1229b(a). Since Judge Mehalchick details the ensuing procedural history of the petitioner's removal proceedings and the parties have not objected to this portion of her report, the court does not repeat it herein.

Suffice to say that after an Immigration Judge granted the petitioner's application for cancellation of removal on April 7, 2017, the government appealed to the Board of Immigration Appeals ("BIA"). On October 7, 2017, the BIA vacated the Immigration Judge's decision and remanded the case. On December 21, 2017, the petitioner's application for cancellation of removal was denied by an Immigration Judge. The petitioner then appealed the decision to the BIA on January 17, 2018.

The petitioner has been detained as an "arriving alien" pursuant to 8 U.S.C. §1225(b). The petitioner has remained in custody of ICE at YCP for over 22 months as of August 10, 2018. The petitioner claims that he has suffered an unreasonably prolonged detention without a bond hearing, which detention will be 23 months on August 20, 2018, during the pendency of his removal proceedings and that his due process rights have been violated. The petitioner requests immediate release from custody or a bond hearing. Respondent contends that the petitioner's continued detention is required,

2

and constitutionally permissible, under 8 U.S.C. §1229(b). Respondent indicated that the petitioner would remain detained as an arriving alien pursuant to §1225(b) until the BIA decided his appeal regarding his application for cancellation of removal and that he was not entitled to release or a bond hearing.

Judge Karoline Mehalchick heard oral argument regarding the applicability of the Supreme Court's recent decision in Jennings v. Rodriguez, 538 U.S. —, 138 S.Ct. 830 (2018), to petitioner's case. A supplemental brief was filed by respondent.

Presently pending before the court is the April 24, 2018 report and recommendation of Judge Mehalchick, (Doc. 15), recommending that an Immigration Judge be directed to conduct an individualized bond hearing for the petitioner and, that the court grant, in part, the petitioner's habeas petition.[1]

On May 29, 2018, respondent filed objections to Judge Mehalchick's report and a brief in support. (Docs. 18 & 19). The petitioner responded to the objections on June 12, 2018. (Doc. 20). On June 26, 2018, the respondent filed a reply brief, (Doc. 21), with exhibits, including, a copy of the BIA's June 14, 2018 decision affirming the Immigration Judge's decision denying the petitioner's application for cancellation of removal and dismissing the petitioner's appeal. Also included as an exhibit, is a copy of the docket sheet

---

[1]The court notes that petitioner Gichuhi's case was reassigned to the undersigned on August 8, 2018.

3

regarding the petitioner's June 22, 2018 petition for review he filed with the Third Circuit appealing the BIA's stated decision. *See* C.A. Docket # 18-2404. When he filed his appeal, the Third Circuit issued a temporary stay of removal until it could consider his motion for stay of removal. The petitioner's petition for review is currently pending with the Third Circuit.

The court has reviewed the submissions of the parties as well as the case law post-*Jennings*, and it shall adopt Judge Mehalchick's report, grant in part the petitioner's habeas petition to the extent he seeks an individualized bond hearing, and overrule respondent's objections.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)

4

(explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

This court recently considered a case very similar to the instant case in Vega v. Doll, 2018 WL 3756755 (M.D.Pa. Aug. 8, 2018), and adopted Judge Mehalchick's report recommending that the petitioner be afforded a bond hearing. The differences in the *Vega* case from the present case are that Vega was being detained under §1226(c) and that he was found removable due to his Pennsylvania delivery of marijuana conviction which was found to be an aggravated felony. The removal proceedings in the *Vega* case were strikingly similar to the proceedings in the instant case, procedurally, although the legal issues are different and Gichuhi is being detained pre-removal as an arriving alien under §1225(b). Nonetheless, the duration of detainment of petitioners Vega and Gichuhi are both approaching two years while their petitions for review are pending. Also, as in *Vega*, the court does not find any bad faith or unreasonable action by either party in the present case. Further, petitioner Gichuhi has presented what appears to be a valid defense and a non-frivolous appeal regarding the denial of his application for cancellation of removal.

In Vega, 2018 WL 3756755, *4 this court stated:

The court finds that Judge Mehalchick has thoroughly examined

5

the various factors considered by courts, before and after *Jennings*, and properly concluded that under the circumstances of this case, petitioner Vega's prolonged mandatory detention under §1226(c) has become unreasonable such that he is entitled to an individualized bond hearing to prevent a possible violation of his due process rights. (Doc. 19 at 21-25). Judge Mehalchick also correctly found that, based on all of the factors, "Vega's [now 21 month] detention in the absence of a bond hearing offends due process."

In her reply brief, respondent states that in light of *Jennings, Theophile* [v. Doll, No. 1:17-cv-2404 (M.D.Pa. May 22, 2018) (Kane, J.)], and *Chica-Iglesia* [v. Lowe, 2018 WL 1960438 (M.D. Pa. Apr. 25, 2018) (Rambo, J.)], and the statutory language of §1225(b), ICE is mandated and authorized to detain Gichuhi without a bond hearing until the conclusion of his removal proceedings." However, more recently, in Destine v. Doll, 2018 WL 3584695 (M.D.Pa. July 28, 2018), Judge Caputo of this court considered the §2241 habeas petition of an alien petitioner who was being detained as an "arriving alien" pursuant to 8 U.S.C. §1225(b). At issue in *Destine* was "whether Petitioner's continued detention has 'become so unduly prolonged that it renders §1225(b) unconstitutional as applied to him?'" Id. at *4 (citation omitted). Judge Caputo thoroughly analyzed the effect of the *Jennings* case on petitioner Destine's case. He also relied upon a recent case from a district court in New Jersey, Otis V. v. Green, 2018 WL 3302997 (D.N.J. July 5, 2018). Although the court in Destine, 2018 WL 3584695, *2, found that the *Jennings* Court rejected an argument that the petitioner was statutorily entitled to a periodic bond hearing under §1225(b), "[t]he Supreme Court left open, however, the possibility of a successful as applied constitutional

6

challenge to the statute on an individual case by case basis...." (quoting Otis V., 2018 WL 3302997, at *6). The court in Destine, 2018 WL 3584695, *3-*4, then quoted the Otis V. court's discussion regarding the due process rights of a §1225(b) detainee, and stated that "*Otis V.* is consistent with the weight of authority from this District finding that §1225(b) detainees 'enjoy the same basic due process right afforded to many other classes of detained aliens; that is, the right to an individualized bond determination once the length of their removal detention has become unreasonable.'" (string citations omitted).

Ultimately, the court in Destine, 2018 WL 3584695, *5, did not follow the decision in Otis V., 2018 WL 3302997, at *8, which found that detention of just over a year "cannot be so prolonged and unreasonable as to actually render [§1225(b)] unconstitutional as applied to Petitioner absent egregious factual circumstances not present in [that] case." Judge Caputo then distinguished his case from the *Otis V.* case, 2018 WL 3584695, *5, and stated,

> In contrast to the petitioner in Otis V., Petitioner in the matter sub judice has been detained for twenty-one (21) months at present. Nothing has been filed of record in this case in the past year. Moreover, while the parties have not provided any information regarding the status or outcome Petitioner's BIA appeal, he appears to be scheduled for a hearing before an Immigration Judge next month. Thus, on these facts, Petitioner has shown that an individualized bond hearing is warranted.

The court finds that petitioner Gichuhi is entitled to an individualized bond hearing based on his detention of almost 23 months, based on the particular circumstances of his case detailed in Judge Mehalchick's report and

7

supplemented above, and based on this court's recent holding in the *Vega* case.[2] The court also finds the *Destine* case to be persuasive and it concurs with its rational and decision.

Accordingly, the court will **ADOPT** Judge Mehalchick's report, (Doc. 15), in its entirety, and it will **GRANT IN PART** the petitioner Guchuhi's habeas petition, (Doc. 1). The court will direct an Immigration Judge to conduct an individualized bond hearing. The respondent's objections to Judge Mehalchick's report, (Doc. 18), will be **OVERRULED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 21, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1041-01.wpd

---

[2]The court notes that the factors it considered in the *Vega* case to grant Vega's habeas petition insofar as it sought a bond hearing, also weigh in favor of giving petitioner Gichuhi a bond hearing. As the court stated in Vega, 2018 WL 3756755, *4, "the facts that the petitioner's removal is not imminent and he has asserted a valid defense to his removal coupled with the fact of the length of his detention weigh in favor of the court's finding that his continued detention is unreasonable, and unconstitutional, as applied to him, entitling him to a bond hearing."

8